ELECTRONICALLY FILED
2018 Oct 01 PM 2:20
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000714

Ariella Mahoney

vs.

KC Waterpark Management LLC, et al. et. al.

## SUMMONS

### Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

        **John Doe (Employee)**
        **112 SW 7th St Ste 3C**
        **Topeka, KS  66603**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

        Nicholas Hinrichs
        1100 N Main St.
        Kansas City, MO 64105

within 40 days after service of summons on you.

I hereby certify the above and foregoing to be a True and correct copy, the original of which is filed and entered record in this court.
CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE 11/1/18
By _____, deputy.



Clerk of the District Court
Electronically signed on 10/01/2018 02:47:50 PM

**Documents to be served with the Summons:**
Petition for Damages, Order for Approval and Appointment of Private Process Server

EXHIBIT B

Ariella Mahoney
vs.
KC Waterpark Management LLC, et al. et. al.

ELECTRONICALLY FILED
2018 Oct 01 PM 2:20
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000714

## SUMMONS

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

SVV 1, LLC
112 SW 7th St Ste 3C
Topeka, KS  66603

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Nicholas Hinrichs
1100 N Main St.
Kansas City, MO 64105

within 40 days after service of summons on you.



I hereby certify the above and foregoing to be a True and correct copy, the original of which is filed and entered record in this court.
CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE 11/1/18
By _____, deputy.

Clerk of the District Court
Electronically signed on 10/01/2018 02:47:50 PM

**Documents to be served with the Summons:**
Petition for Damages, Order for Approval and Appointment of Private Process Server

Ariella Mahoney
vs.
KC Waterpark Management LLC, et al. et. al.

**ELECTRONICALLY FILED**
2018 Oct 01 PM 2:20
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000714

## SUMMONS

## Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

**KC Waterpark Management LLC**
**112 SW 7th St Ste 3C**
**Topeka, KS  66603**

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

Nicholas Hinrichs
1100 N Main St.
Kansas City, MO 64105

I hereby certify the above and foregoing to be a True and correct copy, the original of which is filed and entered record in this court.
CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE 11/1/18
By _____, deputy

within 40 days after service of summons on you.



Clerk of the District Court
Electronically signed  on 10/01/2018 02:47:50 PM

**Documents to be served with the Summons:**
Petition for Damages, Order for Approval and Appointment of Private Process Server

ELECTRONICALLY FILED
2018 Aug 29 AM 11:26
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2018-CV-000714

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| ARIELLA MAHONEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KC WATERPARK MANAGEMENT, LLC )<br>*Serve Registered Agent:* )<br>NATIONAL REGISTERED )<br>AGENTS, INC. OF KS )<br>112 SW 7TH Street Suite 3C )<br>Topeka, KS 66603, )<br>)<br>& )<br>)<br>SVV 1, LLC )<br>*Serve Registered Agent:* )<br>NATIONAL REGISTERED )<br>AGENTS, INC. OF KS )<br>112 SW 7TH Street Suite 3C )<br>Topeka, KS 66603, )<br>)<br>& )<br>)<br>JOHN DOE EMPLOYEE )<br>*Serve at:* )<br>112 SW 7TH Street Suite 3C )<br>Topeka, KS 66603, )<br>)<br>Defendants. ) | Case No.:<br>Chapter<br>Pursuant to K.S.A. Chapter. 60 |

### PETITION FOR DAMAGES

COMES NOW Plaintiff Ariella Mahoney, by and through counsel, for her Petition for Damages, states and alleges as follows:

### PARTIES

I hereby certify the above and foregoing to be a True and correct copy, the original of which is filed and entered record in this court.
CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE 11/1/18
By _____ deputy

1. Plaintiff Ariella Mahoney at all times material herein is a resident of St. Louis, Missouri.

2. Defendant KC Waterpark Management, LLC, is a company organized under the laws of the State of Kansas with a principal place of business at 9400 State Ave, Kansas City, Wyandotte County, Kansas and may be served through its registered agent referenced above.

3. Defendant SVV 1, LLC, is a company organized under the laws of the state of Kansas with a principal place of business at 9400 State Ave, Kansas City, Wyandotte County, Kansas and may be served through its registered agent referenced above.

4. On information and belief, Defendant John Doe Employee, at all times material herein, is an employee of KC Waterpark Management, LLC and may be served at the address referenced above.

## JURISDICTION AND VENUE

5. That all of the acts and occurrences described within the Petition for Damages occurred within the confines of Wyandotte County, Kansas such that jurisdiction and venue are proper in this court pursuant to K.S.A. 60-603.

## FACTS COMMON TO ALL CLAIMS

6. On information and belief, at all times material herein, Defendant KC Waterpark Management, LLC is the owner of the premises known as 9400 State Ave, Kansas City, Wyandotte County, Kansas, hereinafter referred to as "Schlitterbahn" or "Water Park", with the right to exercise control over the Property.

7. On information and belief, at all times material herein, Defendant John Doe Employee was an employee of Schlitterbahn, who acted within the scope and course of such employment on or about July 5, 2015.

8. That on or about July 5, 2015, Ms. Mahoney, Plaintiff, was a patron of Schlitterbahn.

9. At that same time and place, Ms. Mahoney and her cousin decided to ride the Verrückt water slide.

10. After Ms. Mahoney boarded the ride and was safety belted in by an employee there was a sensory malfunction and the ride halted.

11. A Schlitterbahn employee came to the mechanical control box next to the water slide and used a rubber band to fix the broken sensor.

12. Once the sensor had been fixed the operator launched the ride without warning.

13. The employee's actions caused Ms. Mahoney's head and face to impact on the back of the seat.

14. The employee's actions caused Ms. Mahoney to black out.

15. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered the following injuries and damages, to wit:

    a. She has suffered from jaw pain. She has suffered severe pain in her spine, hindering her ability to sleep. She also has suffered intense pain on the left side of her neck which is worsened with movement. She has also suffered headaches;

    b. She has suffered in the past from non-pecuniary harms such as pain, suffering, mental anguish, inconvenience, physical impairment, and loss of capacity to enjoy life due to the above injuries;

c. She has incurred in the past pecuniary harm such as medical expenses for necessary drugs, therapy, diagnostic imaging, and other health and rehabilitative services;

d. She will incur future medical expenses such as necessary drugs, therapy and other health and rehabilitative services, the exact amount of which is unknown at this time;

e. She will suffer in the future from non-pecuniary harm such as, pain, suffering, mental anguish, inconvenience, physical impairment, and loss of capacity to enjoy life as a result of the above injuries; and

f. As a result of the foregoing injuries, her damages are in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT I
### (Negligence Against All Defendants)

Comes Now, Plaintiff, and for Count I of her cause of action against Defendants, states:

16. Plaintiff incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1-15.

17. That all times herein mentioned, the defendants individually and jointly failed to use that degree of care that an ordinarily careful person would use under the same or similar circumstances and were thereby negligent in the following respects, to wit:

   a. John Doe Employee improperly launched the water slide after repair work was complete.

   b. John Doe Employee improperly repaired the water slide's sensor.

18. That the negligence and carelessness of the Defendants herein pleaded directly caused or directly contributed to cause the injuries and damages to Plaintiff.

19. Defendants owed a duty to Plaintiff as an invitee on Defendant's premises. Defendant's employees were negligent in repairing and operating the water slide and as a direct result caused injuries to Plaintiff.

20. Defendants KC Waterpark Management and SVV 1 failed to properly train and supervise employees on safe techniques to operate and repair rides.

21. That the negligence and carelessness of the Defendants herein pleaded directly caused or directly contributed to cause the injuries and damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment under Count I of this Petition against Defendants, for such damages as are fair and reasonable in an amount in excess of $75,000.00, exclusive of costs and interest, and for their costs incurred herein, prejudgment interest, and for such other relief as the Court may deem just and proper.

## COUNT II
**(Premise Liability against KC Waterpark Management and SVV 1)**

Comes Now, Plaintiff for Count II of her cause of action against Defendants, states:

22. Plaintiff incorporates by reference as though fully set forth herein each and every allegation contained in paragraph 1-21.

23. The Schlitterbahn waterpark failed to implement safe operation and repair guidelines for their rides.

24. Defendants KC Waterpark Management and SVV1 should have known or had reason to know, or through the use of ordinary care should have known of the lack of safe operation and repair guidelines for their rides.

25. Defendants KC Waterpark Management and SVV 1 failed to use ordinary care to remedy this lack of guidelines or warn of the danger.

26. As a result the Defendants negligence and carelessness directly caused or directly contributed to cause the injuries and damages to Plaintiff.

WHEREFORE, Plaintiff prays for judgment under Count I of this Petition against Defendants, for such damages as are fair and reasonable in an amount in excess of $75,000.00, exclusive of costs and interest, and for their costs incurred herein, prejudgment interest, and for such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for trial by jury in this case.

THE HINRICHS LAW FIRM
BY: /s/Nick Hinrichs
Nicholas Hinrichs, KS Bar #25305
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
Telephone: (816) 876-2600
E-mail: nhinrichs@hinrichslawfirm.com