UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARIELLA MAHONEY,

                      Plaintiff,

v.                                                    Case No. 18-2585-JAR

KC WATERPARK MANAGEMENT, LLC,
et al.,

                      Defendants.

## **ORDER**

This matter comes before the court on the motion of the Office of the Kansas Attorney General ("AG's Office") to quash a subpoena served by defendants (ECF No. 18). The motion is denied because it has been filed in the wrong court. Under Fed. R. Civ. P. 45(d)(3)(A), a motion to quash a subpoena must be filed in "the district where compliance is required."[1] The subpoena commands the AG's Office to produce

---

[1] *See also* Rule 45(d)(1) (court for the district where compliance is required must enforce the issuer's duty to take steps to avoid imposing undue burden); Rule 45(d)(3)(B) (court for the district where compliance is required may, on motion, quash or modify a subpoena in certain instances); Rule 45(e)(2)(B) (a party who receives information produced in response to a subpoena over which a claim of privilege is asserted may present the information under seal to the court for the district where compliance is required for a determination of the claim); Rule 45(g) (providing for a finding of contempt for failure to comply with a subpoena by the court for the district where compliance is required).

documents at the law office of Knight Nicastro, LLC in Kansas City, Missouri.[2] Because the place of compliance (i.e., Kansas City, Missouri) is not in the District of Kansas, this court cannot quash the subpoena or otherwise provide the relief requested by the AG's Office. As such, the motion to quash the subpoena is denied without prejudice to refiling in the Western District of Missouri.

IT IS SO ORDERED.

Dated January 9, 2019, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

[2] ECF No. 18.