# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARIELLA MAHONEY,

    **Plaintiff,**

    v.

KC WATERPARK MANAGEMENT, LLC ET AL.,

    **Defendants.**

Case No. 2:18-CV-2585-JAR-JPO

## MEMORANDUM & ORDER

This matter was removed from the Wyandotte County District Court on November 1, 2018. Based on Plaintiff's stipulations at the November 17, 2018 scheduling conference that she would not seek damages in excess of $75,000, in his Scheduling Order Magistrate Judge James P. O'Hara ordered Defendants to show cause as to why this action should not be remanded to state court for lack of subject matter jurisdiction.[1] Before the Court is Defendants' Response to the Order to Show Cause (Doc. 19) for why this case should not be remanded to the Wyandotte County District Court for lack of subject matter jurisdiction. As described more fully below, the Court finds that Defendants have satisfied their burden of showing why this action should not be remanded to state court.

**I.    Background**

On August 29, 2018, Plaintiff Ariella Mahoney, filed this personal injury suit in the Wyandotte County District Court against Defendants KC Waterpark Management, LLC ("KC

---

[1] Doc. 13.

Waterpark") and SVVI, LLC. Plaintiff served Defendants with the state court petition on October 3, 2018.[2]

In her petition, Plaintiff asserts that as a result of her alleged injuries, she has suffered damages in excess of $75,000.[3] Plaintiff is a resident of St. Louis, Missouri.[4] Defendant KC Waterpark is a Kansas Limited Liability Company, comprised of three members, all of whom are domiciled in New Braunfels, Texas.[5] Defendant SVVI, LLC, also a Kansas Limited Liability Company, is comprised of three members, all of whom are domiciled in New Braunfels, Texas.[6] Accordingly, Defendants are domiciled in Texas and deemed citizens of Texas for the purpose of diversity jurisdiction.[7] On November 1, 2018, Defendants removed this case to the United States District Court for the District of Kansas, alleging diversity jurisdiction as the basis for subject matter jurisdiction.[8]

Based on Plaintiff's allegations in her petition, Defendants properly removed this case to the District of Kansas under 28 U.S.C. § 1332, based on diversity of citizenship and the amount in controversy.[9] At the December 17, 2018 scheduling conference in front of Judge O'Hara, however, Plaintiff stipulated on the record that under no circumstances could she actually

---

[2] Doc. 1-1.

[3] Doc. 1-2 ¶ 15.f.

[4] *Id.* ¶ 1.

[5] Doc. 1 ¶ 9.

[6] *Id.* ¶ 10.

[7] The United States Supreme Court has repeatedly held that "diversity jurisdiction in a suit by or against [an unincorporated] entity depends on the citizenship of all its members." *Americold Realty Tr. v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (quoting *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)); *see also Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046–47 (10th Cir. 2016) (citing *Americold* in its application of the rule that citizenship of an LLC depends on the citizenship of the LLC's members).

[8] Doc. 1-1.

[9] *Id.*

recover the jurisdictional threshold amount of $75,000 in damages.[10] To support this assertion, Plaintiff agreed to provide Defendants an immediate written statement of the total damages and further agreed to waive the right to increase the amount of damages sought.[11] Accordingly, Judge O'Hara ordered Defendants to show cause as to why this case should not be remanded to the Wyandotte County District Court for lack of subject matter jurisdiction.[12] In Plaintiffs' Specific Statement of Damages, which she provided to Defendants on December 18, 2018, Plaintiff calculated her requested damages to total $74,000.[13]

## II. Analysis

Defendants assert that, despite Plaintiff's stipulation that she will not seek more than $74,000 in damages, the case still properly belongs in federal court. Federal courts are required to remand a case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[14] To avoid remand, a defendant must show that the action satisfies the requirements for federal jurisdiction.[15] Because federal courts "are courts of limited jurisdiction, there is a presumption against federal jurisdiction."[16] Therefore, courts must resolve doubtful cases in favor of remand.[17] Defendants bear the burden of proving facts sufficient to establish jurisdiction.[18]

---

[10] Doc. 13.

[11] *Id.*

[12] *Id.*

[13] Doc. 19-1.

[14] 28 U.S.C. § 1447(c).

[15] *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[16] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[17] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[18] *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

Remand is generally improper if the defendant properly removed a case to federal court that the plaintiff could have originally filed in federal court.[19] As federal courts are courts of limited jurisdiction, they must have a statutory or constitutional basis to exercise jurisdiction over any controversy.[20] Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions when there is complete diversity of citizenship and an amount in excess of $75,000, exclusive of interests and costs.[21] "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'"[22] Removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought.[23]

At issue in this case is the impact of Plaintiff's post-removal assertions that she seeks $74,000 in total damages as opposed to the "in excess of $75,000" that she pled in her petition. Defendants argue that Plaintiff is merely trying to avoid federal jurisdiction, and that despite her assertion, the case still belongs in federal court. The Court finds that Defendants have satisfied their burden of establishing federal jurisdiction based on diversity.

---

[19] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[20] *Montoya*, 296 F.3d at 955; *see also United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1." (internal quotation omitted)).

[21] 28 U.S.C. § 1441(b).

[22] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014) (quoting 28 U.S.C. § 1446(c)(2)).

[23] *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

The amount in controversy is determined by the allegations in the complaint, or if the complaint is not dispositive, by the allegations in the notice of removal.[24] Here, Plaintiff's petition alleges damages in excess of $75,000, and Defendants stated the same in their notice of removal. This satisfies the amount in controversy requirement and is sufficient to confer subject matter jurisdiction based on diversity.

Plaintiff's post-removal stipulation that she is not seeking damages of more than $74,000 does not deprive this Court of subject matter jurisdiction. In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, the United States Supreme Court held that a Plaintiff's reduction of the damages claimed below the amount in controversy requirement does not destroy diversity jurisdiction.[25] The Court explained that when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings reduces the claim below the requisite amount [to confer diversity jurisdiction], this does not deprive the court of jurisdiction."[26] The Court reasoned that a plaintiff, whose complaint is controlling at the outset of a case, should not be able to manipulate the court system in order to exercise complete control over venue when the defendant has exercised its right to a federal forum.[27] Thus, "under *St. Paul* and its progeny, it is well settled that the district court's diversity jurisdiction attaches at the time of removal and cannot be divested if plaintiff later amends the complaint to reduce the amount in controversy."[28]

---

[24] *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288); *see also Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 551 (citations omitted).

[25] 303 U.S. 283, 295 (1938) ("[S]ubsequent reduction of the amount claimed cannot oust the district court's jurisdiction.").

[26] *Id.* at 292 (citation omitted).

[27] *Id.* at 291.

[28] *Berning v. Crop Prod. Servs., Inc.*, No. 11-2359-EFM, 2011 WL 3704710, at *2 (citations omitted); *see also Miera*, 143 F.3d at 1339 (*citing St. Paul Mercury Indem. Co.*, 303 U.S. at 288) ("Once jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing.").

Accordingly, the Court finds that subject matter jurisdiction over this case attached when Defendants properly removed Plaintiff's case to the District of Kansas. Plaintiff clearly pled in her petition that she was seeking damages in excess of $75,000 and the requirements for diversity of citizenship are also met. Her post-removal stipulation is insufficient to deprive this Court of subject matter jurisdiction. Therefore, the Court concludes that Defendants have shown why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that this case remain in the United States District Court for the District of Kansas for further proceedings.

**IT IS SO ORDERED.**

Dated: January 10, 2019

                                               S/ Julie A. Robinson
                                               JULIE A. ROBINSON
                                               CHIEF UNITED STATES DISTRICT JUDGE